IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                                                    **PLAINTIFF**

**V.**                                                      **CRIMINAL NO.: 3:13-CR-59-CWR-FKB-2**
                                                            **CIVIL ACTION NO.: 3:15-CV-96-CWR**

**LAMARKCUS KELLY**                                                                                              **DEFENDANT**

## ORDER

Before the Court is Lamarkcus Kelly's 28 U.S.C. § 2255 petition. Docket No. 112. He challenges his conviction and sentence, which he seeks to vacate, set aside or correct. The government has responded to the petition, Docket No. 120, and Kelly's trial counsel has submitted his affidavit. Docket No. 118.

**I.      Factual and Procedural History**

In 2013, Kelly, along with four other individuals, was indicted on one count of possessing an illegal firearm, namely a destructive device in the form of a glass bottle containing a flammable liquid, more commonly known as a "Molotov Cocktail," in violation of 18 US.C. § 5861(d). He entered a plea of guilty to the count on October 29, 2013 pursuant to a plea agreement with the government. Docket Nos. 70 and 71. On January 30, 2014, Kelly was sentenced by the undersigned to 97 months in prison. Docket No. 95. Kelly did not appeal.

In this § 2255 petition, Kelly presses three arguments for reducing his sentence: (1) his attorney was ineffective for failing to file timely objections to the Presentence Report, in particular he failed to object to an incorrect base offense level; (2) his due process rights were violated when the indictment did not charge him with attempted murder, but the crime was used

as a cross reference to increase the base offense level; and (3) his counsel was ineffective at his sentencing hearing.  Docket No. 112.[1]

## II.	Legal Standard

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Generally speaking, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). "[W]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994); *see also United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("Because McKinney indicated that he had read and understood the plea agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary.").

Claims of ineffective assistance of counsel are excepted from the general rule and may be brought in a § 2255 proceeding, but "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

---

[1] Kelly's petition appears to be timely. Kelly declared under penalty of perjury that he signed it on January 26, 2015, within one year from the date the Court entered Judgment in his case. Docket No. 112.

### III. Discussion

#### A. Waiver

The record reveals that Kelly did, in fact, knowingly and voluntarily waive his right to challenge his sentence via § 2255 petition.

Kelly and his attorney read and signed his appeal waiver contained in the written plea agreement. Docket No. 70, at 6. The waiver also was discussed at the change of plea hearing, where Kelly specifically confirmed that he had read, understood, signed, and agreed with the terms of the plea agreement and plea supplement. *See* Transcript of Change of Plea Hearing, October 29, 2013, at 11-13. And, he only executed those documents after having discussed them with his counsel. *Id.* at 18. Additionally, Kelly advised the Court that when discussing these documents with his attorney, the attorney permitted him to ask questions about the documents and answered those questions to his satisfaction. *Id*. Kelly's responses at the hearing demonstrated that he was competent, knew the appeal rights he was giving up, and did so freely in order to plead guilty. *Id.* at 14-18. He specifically agreed that he would not challenge his conviction or sentence in any future proceeding. See, *id*. at 13-14, and 16.

Given this record, Kelly's appeal waiver must be enforced.

#### B. Ineffective Assistance of Counsel

Because Kelly's appeal waiver must be enforced, his ineffective assistance of counsel arguments can be considered "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *White*, 307 F.3d at 343. In each of his grounds, Kelly's petition claims ineffective assistance of counsel. In neither ground does he assert that his guilty plea was somehow invalid or improper and none of the grounds presented in his petition directly bear on the validity of Kelly's waiver or plea, and none must be considered. However,

3

out of an abundance of caution, the court finds that Kelly has failed to prove that his counsel was deficient.

To prove ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Trottie v. Stephens*, 720 F.3d 231, 241 (5th Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  A failure to establish either of the Strickland prongs make it unnecessary to examine the other. *Buxton v. Lynaugh*, 879 F.2d 140, 142 (5th Cir. 1989), *cert. denied*, 497 U.S 1032 (1990).

In Ground 1, Kelly complains that his attorney failed to object to the presentence investigation report, which contained an incorrect base offense.  Furthermore, Kelly contends that counsel did not object to the report's cross-reference to attempted murder, which was not charged in the indictment.  Docket No. 112, at 5-6.  The transcript of the Sentencing Hearing, however, tells a different story.  Counsel presented objections, and in fact, Kelly told the court that he had discussed and agreed with the objections raised.  Docket No. 119, at 2-5.  And, those objections were argued extensively. *Id*. at 5-19.  The court overruled the objections, made appropriate findings and determined the proper base offense level. *Id*. at 17-18. *See also,* Presentence Investigation Report, at ¶¶ 40-46 and 71.

In Ground 2, Kelly asserts that his sentence represented an upward departure.  That, however, is not true.  Kelly's total offense level was 30 with a criminal history category of I, which provides for a guideline range of 97-120 months. *Id*. at ¶ 84.  His sentence was not an upward departure.  And, to the extent, Kelly claims that his counsel should have objected to this sentence, which was not greater than the statutory maximum, *see*, 26 U.S.C. § 5871 ([a]ny person who violates . . . any provision of this chapter shall . . . be imprisoned not more than 10

4

years), such claim is rejected.  "A within-guideline-sentencing sentence is entitled to a presumption of reasonableness." *United States v. Martinez-Cruz*, 605 F..App'x. 432, 432 (5th Cir. 2015), and counsel has no obligation to make frivolous objections. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998)("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.").

In Ground 3, Kelly claims that his counsel was deficient and he was denied effective assistance because the court found additional facts to enhance the base level and those facts were not included in the indictment or determined by the jury. Docket No. 112, at 8.  Kelly's "challenge to the application of the Guidelines is not cognizable in a § 2255 motion." *United States v. Larry*, 312 F.. App'x. 660, 661 (5th Cir. 2009)(citing *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998)).

Finally, Kelly says that his counsel "failed to file a timely notice of appeal."  Docket No. 112, at 4.  But nowhere does he say that he requested, instructed, or asked his lawyer to file an appeal.  On the other hand, counsel avers that his client "did not direct me to file an appeal." Docket No. 118, at 3.  A defendant's right to obtain relief on this issue is "'premised on his sworn pleading that he expressly instructed trial counsel to pursue an appeal or file a notice of appeal.'" *United States v. Alfred*, No. 10-00077-01; 12-3152, 2014 WL 978513, at *9 (W.D. La. Mar. 12, 2014)(citation omitted).  Where there is a factual dispute as to whether a petitioner instructed counsel to file a notice of appeal, the court is required to hold an evidentiary hearing on the issue. *See United States, v. Townsend*, No. 3:12-CR-118-CWR-FKB-1, 2015 WL 2353077, at *3 (S.D. Miss. May 15, 2015). Kelly, however, did not present a sworn pleading on the issue, thus there is no factual dispute   and Kelly is not entitled to a hearing.

### IV.     Conclusion

For these reasons, the petition is denied. Pursuant to *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), no certificate of appealability shall issue. Although Kelly has not filed a notice of appeal, it is appropriate for this Court to take up this issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A Final Judgment in accordance with this Order will be entered on this day.

**SO ORDERED**, this the 2d day of October, 2015.

                                        s/ Carlton W. Reeves
                                        UNITED STATES DISTRICT JUDGE