IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                                     **PLAINTIFF**

**V.**                                                 **CRIMINAL NO.: 3:13-CR-59-CWR-FKB-2**
                                                                   **CIVIL ACTION NO.: 3:15-CV-96-CWR**

**LAMARKCUS KELLY**                                                                                **DEFENDANT**

## ORDER

Before the Court is the defendant's Motion for Reconsideration filed October 22, 2015. Docket No. 123. The defendant, a federal prisoner proceeding *pro se,* moves the Court to reconsider the Order, *see* Docket No. 121, denying his Motion to Vacate entered on October 2, 2015. Having considered the issues raised in the Motion, the Court finds that the Motion should be denied.

To obtain relief under Rule 59(e) of the Federal Rules of Civil Procedure, the moving party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Hayes v. Jani-King Franchising, Inc.*, No. 3:10-CV-382-CWR-LRA, 2012 WL 6738241, at *2 (S.D. Miss. Dec. 28, 2012) (quoting *Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir. 2005)). Under the theory of new evidence, the party must show that "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Id.* (quoting *Infusion Res., Inc. v. Minimed, Inc.,* 351 F.3d 688, 696–97 (5th Cir. 2003)). The request for relief "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ballard v. Swales*, No. 3:10-CV-604-CWR-LRA, 2011 WL 1884003, at *1 (S.D. Miss. May 17, 2011) (quoting *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863–64 (5th Cir.

2003)).  Relief under this Rule "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

In his Motion to Vacate, the defendant argues that he received ineffective assistance of counsel because his counsel "failed to file a timely notice of appeal." Docket No. 112, at 4.  He does not say that that he asked, directed or instructed his counsel to file a notice of appeal. On the other hand, the defendant's counsel presented a sworn affidavit stating that the defendant "did not direct me to file an appeal."  Docket No. 118, at 3.  That evidence is uncontroverted.

The instant motion offers no reason establishing a manifest error of law or fact, nor does it present newly discovered evidence that was not previously available.  The defendant urges the Court to accept his newly constructed sworn affidavit, *see* Docket No. 124, that "[t]he day of my sentencing I informed Counsel that [I] would like to have a notice of appeal filed."  The defendant also requests an evidentiary hearing.  Docket No. 123.

The defendant's affidavit was drafted after this Court entered its Order denying defendant's motion to vacate.  This newly constructed affidavit, however, does not include new evidence that could not have been discovered earlier.  The Court realizes that the defendant is proceeding *pro se*, but if he directed his counsel to file an appeal, he should have advised the Court through his initial motion or amended his motion prior to a ruling by the Court.  It appears now that defendant seeks to add magic language to his affidavit in order to create a factual issue necessitating an evidentiary hearing.

Simply put, the Court, in its Order denying the motion to vacate, explained to the defendant that his right to an evidentiary hearing is "premised on his sworn pleading that he expressly instructed trial counsel to pursue an appeal or file a notice of appeal."  Docket No. 122, at 5 (quoting *U.S. v. Alfred*, 2014 WL 978513, at *9 (W.D. La. 2014)).  It does not escape the

Court that the defendant did not raise the issue that he instructed his counsel to file a notice of appeal until after reading the Court's Order.

Based on the above, the defendant has failed to satisfy the requirements for obtaining relief pursuant to Rule 59(e).

Accordingly, the defendant's motion for reconsideration is denied. A separate Final Judgment will issue this day.

**SO ORDERED**, this the 9th day of February, 2016.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE